Dear Mayor Bourgeois and District Attorney D'Aquilla:
You both have requested an opinion of this Office regarding certain dedicated alleyways which exist in the Town of Slaughter ("Slaughter"). You specifically ask whether Slaughter can legally allow private citizens to use, buy, or lease these alleyways, and what liability the town holds when leasing or allowing citizens to use the alleyways. You stated that only one of these alleyways is currently being used by the town, which would ultimately result in the remainder of these alleyways being surplus immovable property.
You have also requested an opinion regarding the use of residential property owned by Slaughter. You specifically inquire as to whether Slaughter can legally continue renting out a residential rent house which is located on immovable property that the town plans on purchasing.
Accordingly, because you have requested an opinion on issues that involve different factual scenarios and law, the substance of this opinion is broken down into two separate parts, each addressing a unique question.
I. Alleyways
A. La. Atty. Gen. Op. No. 09-0023 *Page 2 
In La. Atty. Gen. Op. No. 09-0023, this Office addressed a similar issue in Acadia Parish in the community of Maxie. Opinion 09-0023 stated that parish governing authorities and municipal corporations of the State had the authority to revoke statutorily dedicated property if the property no longer served a public purpose.[1] In Opinion 09-0023, we also opined that the parish had the authority to exchange statutorily dedicated property with a private person or entity, [2] and that the parish further had the authority to sell statutorily dedicated property to certain other governmental entities.[3]
In considering the facts described in your opinion request, it appears that the issue addressed in Opinion 09-0023 is nearly identical to the one raised in your request. While Opinion 09-0023 does address the issue, this opinion will apply the law to the specific facts set forth in your request.
B. Sale, Lease, or Use of Alleyways
Although we have not actually seen the documentation illustrating the dedications of the alleyways you inquire about, it appears that these alleyways were in fact dedicated as public pursuant to La.R.S. 33:5051, which provides, in pertinent part, that whenever the owner of any real estate desires to divide that real estate into squares or lots with streets or alleys between the squares or lots with the intention of selling any of the squares or lots, the owner shall cause a map of the subdivided property to be made and filed with the keeper of the notarial records of the parish wherein the property is located.[4] Under this law, "[a] formal dedication made by the owner or owners of the property . . . of all the streets, alleys, and public squares or plats shown on the map to public use" shall be included in the map of the subdivided property when it is properly recorded.
La.R.S. 33:5051(C) provides in pertinent part as follows:
[f]ormal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until: *Page 3 
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication; or
(2) The road, street, alley, or cul-de-sac is maintained by the political subdivision.
From the facts supplied in your request, it appears that the formal dedication of these alleyways occurred some time ago, and that the core of your opinion request revolves around either (1) removing this formal dedication, and/or (2) selling this immovable property (alleyways) owned by the Town of Slaughter.
La.R.S. 48:701 states that:
[t]he parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes (emphasis added).[5]
Therefore, if the Town of Slaughter believes that these alleyways formerly dedicated to public use "have been abandoned or are no longer needed for public purposes," it "may revoke and set aside the dedication[s]" of these alleyways.
La.R.S. 48:701 further states that:
[u]pon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto. *Page 4 
As a result of this provision, if Slaughter revokes the dedication of these alleyways pursuant to La. 48:701, the property automatically inures to the landowners owning property adjacent to these alleyways, but only up to the center line of the alleyways.[6]
C. Liability Issues
With regard to the liability held by the Town of Slaughter on these alleyways, the Civil Code states that "[w]e are responsible . . . for that which is caused by . . . the things which we have in our custody."[7] The Civil Code further clarifies by stating:
[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[8]
La.R.S. 9:2800 applies this liability to political subdivisions, like the Town of Slaughter. La.R.S. 9:2800(A) states "[a] public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody," and courts have also applied La.C.C. art. 2317 to defects on roads.[9]
La.R.S. 9:2800(C) sets forth the elements necessary to pursue an action against a municipality under La.C.C. art. 2317. It states:
[e]xcept as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused *Page 5 
the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. [10]
In simplifying La.R.S. 9:2800(C), courts have established that:
[t]o prevail on a claim against a public entity . . . based on either negligence or strict liability, a plaintiff must establish the following elements: (1) the entity's custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the entity's actual or constructive notice of the defect and failure to take corrective action within a reasonable time; and (4) causation.[11]
In considering this law and jurisprudence with regard to the facts set forth in your request, there is currently no factual basis upon which an opinion can be rendered. The issue of liability is fact-intensive and a proper determination of liability can only be made by a court of law. The only opinion that can be rendered in the absence of any facts is the general legal pronouncement that that the Town of Slaughter remains liable for any damages caused by any acts or omissions of the town that meet the standard of negligence set forth in La.C.C. art. 2317, which would then have to be applied to the relevant facts.
D. Your Specific Questions
1. Can the town officials give use of the alleyways to a private citizen?
Currently, the alleyways are dedicated as "public." This means that the alleyways are public things owned by the Town of Slaughter in its capacity as a public person.[12] Therefore, the town cannot specifically give use of the alleyway to a private citizen without revoking the dedication of the alleyways pursuant to La.R.S. 48:701. Based upon the fact that these alleyways are "public," the general public can currently use the alleyways as they would any other public road in the Town of Slaughter.
2. If yes, then what is our liability in doing so or can we have them sign a hold harmless agreement? *Page 6 
While the use of these alleyways cannot be given to specific private citizens, the liability for allowing the general public to access and use the alleyways is explained in the section entitled Liability Issues
above. However, if the Town of Slaughter seeks a contractual agreement (including a hold harmless clause) with specific private landowners regarding the exclusive use of the alleyways adjacent to their property, other legal issues arise. Since the road (alleyways) are dedicated as "public," they remain subject to public use unless such a dedication is revoked pursuant to La.R.S. 48:701. Unfortunately, La.R.S. 48:701
specifically states that under such a revocation of the dedication" . . . up to the center line thereof, [the alleyways] shall revert to the then present owner or owners of the land contiguous thereto." While a contractual hold harmless agreement with the adjacent landowners could potentially limit the Town's liability on the alleyways, the Town cannot legally grant exclusive use of these alleyways to private individuals, without actually revoking the public dedication. Therefore, even if the private landowners owning land adjacent to these alleyways would enter into an agreement with a hold harmless clause, the Town would still remain subject to any liability concerning the general public, who could still use these "public" alleyways.
3. Can we sell or lease these alleyways?
La.R.S. 33:4712 states that "[a] municipality may sell [or] lease . . . any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes." Therefore, while La.R.S. 48:701 provides the method for revoking a dedication of public property, the municipality can actually sell or lease the alleyways, provided the procedures set forth in La.R.S. 33:4712 are satisfied.
4. If they are leased, does the town still have liability?
Liability under La.C.C. art. 2317 will be unavoidable as long as the Town of Slaughter "owns" the alleyways. Even if the alleyways are leased to the adjacent landowners, there is no way to waive any liability for actions or omissions which meet the definition of negligence under La.C.C. art. 2317.
5. If we give no permission for use and someone is injured in these areas are we liable?
Because these alleyways are dedicated as "public," no permission is necessary for the general public to use them. Therefore, the Town of Slaughter remains liable under La.C.C. art. 2317 whether permission for use of the alleyways is granted or not.
6. If in the process of maintaining the grass in the alleyway, a citizen is injured or breaks his/her lawnmower are we liable? *Page 7 
Please see the section entitled Liability Issues above for a general answer to this question. As explained above, the issue of liability is fact intensive and a proper determination of liability can only be made by a court of law.
II. Use of Residential Property owned by Town of Slaughter
The second issue about which you inquire involves immovable property adjacent to municipal property that Slaughter seeks to purchase. This immovable property currently includes a residential home, and you seek an opinion regarding whether the Town of Slaughter can rent out the residential home after purchasing the immovable property. Since your opinion request focuses on the ability to rent out the residential home owned by the Town of Slaughter, a discussion of the law governing the ability of a municipality to purchase immovable property is unnecessary.[13] While the actual purchase of this property is not substantial in discussing your issue, it should be noted that the Town of Slaughter may only acquire property for a public purpose which the Town of Slaughter has the legal authority to pursue, and not purely for the acquisition of a rental property.[14]
La.R.S. 33:4712 authorizes the sale, exchange, or lease of property by a municipality. La.R.S. 33:4712(A) states that:
[a] municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
La.R.S. 33:4712(B) sets forth the procedure to be followed by a municipality, when selling or leasing property. It states:
[e]xcept as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property . . . Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper *Page 8 
published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.[15]
It is the opinion of this Office that if the Town of Slaughter legally purchases the property in question, and later determines the residential home as "not needed for public purposes," it may then lease this residential home, provided the requirements of La.R.S. 33:4712 are satisfied.
 CONCLUSION
In addressing your issue regarding the public alleyways, which are no longer used by the town, the statutory procedure for revoking a public dedication of alleyways is set forth in La.R.S. 48:701. The alleyways may also be sold or leased as surplus public property provided that the requirements set forth in La.R.S. 33:4712 are satisfied. The Town of Slaughter remains liable for any acts or omissions meeting the definition of negligence under La.C.C. art. 2317 on the alleyways as long as they are dedicated as public and owned by the town. With regard to your second inquiry as to whether to the rental of residential property by the Town of Slaughter, the town may rent out a residential home provided the requirements of La.R.S. 33:4712 are satisfied.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 DANIEL D. HENRY JR.
 Assistant Attorney General
 JDC/DDH/jv
[1] See La.R.S. 48:701.
[2] See La.R.S. 48:702.
[3] See La.R.S. 33:4717.
[4] La. Atty. Gen. Op. No. 09-0023, citing La.R.S. 33:5051(A).
[5] It should be noted that La.R.S. 33:4718 governs the revocation of the dedication of parks, public squares or plots. While this opinion involves the potential revocation of an alleyway, it is important to note what the public property was originally dedicated as, because the property reverts to the "person or persons who were the owners of such land at the time of the dedication" instead of reverting to the adjacent landowners up to the center line under the revocation of an alleyway under La.R.S. 48:701.
[6] Id.
[7] La.C.C. art. 2317.
[8] La.C.C. art. 2317.1.
[9] See Murphy v. City of New Orleans, 09-0567(La.App. 4 Cir. 11/12/09), 25 So.3d 956, 959 and Joseph v. City of New Orleans, 02-1996 (La. App. 4 Cir. 3/5/03), 842 So.2d 420, 423; citing Oster v. Dep't ofTransp. and Dev., State of La., 582 So.2d 1285, 1288 (La. 1991).
[10] La.R.S. 9:2800(C).
[11] Joseph v. City of New Orleans, 2002-1996 (La. App. 4 Cir. 3/5/03), 842 So.2d 420, 423, citing Oster v. Dep't of Transp. Dev.,State of La., 582 So.2d 1285, 1288 (La. 1991).
[12] See La.C.C. art. 450.
[13] See La.Const. art. VI, § 23 and La.R.S. 33:4712, et seq.
[14] See La. Atty. Gen. Op. No. 10-0047.
[15] It should be noted that La R.S. 33:4712(C) provides a procedure through which any ordinance enacted pursuant to La.R.S. 33:4712(B) can be challenged.